**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| ALAYA SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EUROPEAN WAX CENTER, INC.,<br><br>Defendant. | CIVIL ACTION NO. 4:26-cv-00144-ALM<br><br>Hon. Amos L. Mazzant |

**DEFENDANT EUROPEAN WAX CENTER, INC.'S OPPOSED MOTION TO STAY AND, ALTERNATIVELY, TO EXTEND DEADLINE TO RESPOND TO COMPLAINT**

## I.    INTRODUCTION

This action seeks to assert claims on behalf of a putative class (including Plaintiff in this action) that have been settled in a nationwide class action settlement. *Cumor v. European Wax Center, Inc.*, 26-CA-002430 (13th Judicial District, Hillsborough County, Fl.)   That class action settlement was preliminarily approved on April 2, 2026, notice has been circulated to the settlement class, and a final approval hearing has been set for July 15, 2026.  The class settlement was the product of negotiations relating to a class action that was filed approximately seven months before this action was filed (*Dunn v. European Wax Center, Inc.*, No. 4:25-cv-05494 (N.D. Cal.)) and preliminary approval of the settlement was entered thirteen days before this action was served.

Defendant European Wax Center, Inc. ("EWC"), by and through its undersigned counsel, respectfully moves this Court for an order (1) staying all proceedings in this action in light of an overlapping case currently in the midst of

settlement approval proceedings in Florida state court, where a final approval hearing is scheduled for July 15, 2026, (2) directing the parties to submit a joint status report within seven (7) days thereafter, by July 22, 2026, addressing whether this action should proceed, and, in the alternative, (3) extending EWC's deadline to respond to the Complaint until twenty-one (21) days after the Court rules on this motion if the Court denies the motion to stay.

EWC's counsel conferred with Plaintiff's counsel regarding the request to stay proceedings pending the final approval hearing in the pending class action settlement and, alternatively, to agree to extend the time for EWC to respond to the complaint in the event that the motion to stay is denied.  Plaintiff's counsel opposes both of EWC's requests.

## II.    BACKGROUND

On June 30, 2025, over seven months before this action was filed, another plaintiff, Sydney Dunn, filed suit against EWC in the United States District Court for the Northern District of California, No. 4:25-cv-05494, alleging a violation of the Electronic Communications Privacy Act ("ECPA"), California Invasion of Privacy Act, and California Constitution, alleging Defendant enabled third parties to intercept and record electronic communications from users of its website without consent. (*See* Exhibit A, *Dunn* Action Complaint, California action.) EWC filed a motion to dismiss, and the parties engaged in arms-length settlement discussions over several months and participated in a mediation before JAMS mediator Marc Isserles on February 19, 2026.

The parties settled the *Dunn* action during mediation. The *Dunn* action was then voluntary dismissed and Plaintiffs Sydney Dunn and Jason Cumor refiled the action in the Circuit Court for the Thirteenth Judicial District in and for Hillsborough County, Florida on March 3, 2026 ("Florida Action"). (*See* Exhibit B, Florida Action Complaint.) The plaintiffs in the Florida Action filed for preliminary approval of the settlement on April 1, 2026, and the Court granted the motion on April 2, 2026.

In the Florida Action, released claims include:

> any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contract or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorney's fees, and/or obligations (including "Unknown Claims" as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the Action, the Florida Security of Communications Act ("FSCA"), Fla. Stat. § 934.03, the Electronic Communications Privacy Act ("ECPA") 18 U.S.C. § 2510, breach of fiduciary duty/confidentiality, invasion of privacy, breach of implied contract, unjust enrichment, negligence, or other state, federal, local, statutory, or common law, under contract, or at equity, or any other law, rule or regulation, against Released Parties, or any of them, arising out of any facts, transactions, events, matters occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged disclosure, use, interception or transfer of information of or related to the Settlement Class Members through use of the Meta pixel or other pixels, cookies, code, and/or tracking or analytics tools, including all claims relating to such information belonging to any and all Releasing Parties related to or arising from use of www.waxcenter.com.

(Exhibit C, Ex. 1 to Declaration of Sarah N. Westcot in Florida Action).

On February 8, 2026, Plaintiff Alaya Smith filed this action against EWC. Plaintiff alleges a violation of ECPA, intrusion upon seclusion, a violation of the Texas Deceptive Trade Practices and Consumer Protection Act, common law fraud, deceit,

and/or misrepresentation, and unjust enrichment. (Dkt. 1.) Plaintiff did not serve EWC until April 15, 2026. (Dkt. 5.)

Notably, the *Dunn* classes entirely subsume the proposed class in this action:

| *Dunn* **Action (Florida State Court)** | *Smith* **Action (E.D. Tex.)** |
|---|---|
| **Nationwide Class**, defined as: "All individuals residing in the United States who visited www.waxcenter.com, including, but not limited to, those who booked an appointment on www.waxcenter.com, during the Class Period." (Exhibit B, *Dunn* Action Complaint, Florida action).<br><br>**Florida Subclass**, defined as: "All individuals residing in Florida who visited www.waxcenter.com, including, but not limited to, those who booked an appointment on www.waxcenter.com, during the Class Period." (*See id*.)<br><br>**California Subclass**, defined as: "All individuals residing in California who visited www.waxcenter.com, including, but not limited to, those who booked an appointment on www.waxcenter.com, during the Class Period." (See id.) | **Nationwide Class**, defined as: "All consumers who visited and interacted with the Defendant's website in the United States during the applicable limitations period and whose electronic communications were intercepted, disclosed, or shared through Defendant's Tracking Tools and Tracking Entities" (Dkt. 1 ¶ 105.) |

Notice was sent to class members in the Florida Action by May 2, 2026. The deadline to file a claim or an objection/exclusion request is July 1, 2026. A final approval hearing is scheduled for July 15, 2026 at 9:30 AM ET. (*See* Exhibit D, Preliminary Approval Order in Florida Action.) As Plaintiff's claims overlap with the released claims in the Florida Action, Plaintiff was sent notice of the settlement. As of the date of filing of this motion, Plaintiff has not excluded herself or filed an

objection, so she is simultaneously the named Plaintiff in this action and a member of the class in the Florida Action.

## III.   LEGAL STANDARDS

A court has broad discretion to stay proceedings to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Mott's LLP v. Comercializadora Eloro, S.A.*, 507 F. Supp. 3d 780, 785 (W.D. Tex. 2020) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In deciding a motion to stay, this Court considers: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and trial of the case; (3) whether discovery is completed; and (4) whether a trial date has been set. *Lighthouse Consulting Grp., LLC v. Truist Bank*, No. 2:19-CV-00340-JRG, 2020 WL 6781977, at *2 (E.D. Tex. Apr. 7, 2020).

"The Colorado River Abstention Doctrine operates to avoid duplicative litigation when parallel proceedings are pending in state and federal court." *Landmark Ins. Co. v. Esters*, No. 2:20-CV-01263, 2025 U.S. Dist. LEXIS 163674, at *5 (W.D. La. 2025) (citing *Diamond Offshore Co. v. A & B Builders*, 302 F.3d 531, 540 (5th Cir. 2002). The doctrine, which addresses situations involving the "contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts," rests "on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

The doctrine allows for a federal court to decline to exercise jurisdiction and dismiss a federal suit due to the presence of a concurrent state proceeding. *Colo. River*, 424 U.S. at 818. The Supreme Court has set out six non-exclusive factors to consider in determining whether a federal court should abstain from the exercise of its jurisdiction: "(1) assumption by either state or federal court over a res; (2) relative inconvenience of the fora; (3) avoidance of piecemeal litigation; (4) order in which jurisdiction was obtained by the concurrent fora; (5) extent federal law provides the rules of decision on the merits; and (6) adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 394-395 (5th Cir. 2006) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983)).

## IV.    ARGUMENT

### A.    The Court Should Stay This Case Under Its Inherent Authority.

#### 1.    A Stay Will Not Unduly Prejudice Plaintiff, and No Discovery Has Occurred, No Case Schedule Has Been Set, and There Is No Trial Date.

The Court should stay this case under its inherent authority to manage its docket because no case deadlines or trial date have been set in this action, and Plaintiff will not be prejudiced by a short, two-month stay until the Florida Action proceeds through final approval, and no deadlines have been set in this case. Accordingly, the first, third, and fourth factors this Court considers in determining whether to exercise its inherent authority to manage its docket weigh in favor of a short stay.

First, Plaintiff cannot demonstrate meaningful prejudice from a short stay. Any stay would be short in duration and tied to an event less than two months away—the July 15, 2026 final approval hearing in the Florida Action.

Second, this case is at a very early stage, with no scheduling deadlines in place, so a stay will not disrupt ongoing litigation efforts. *Cf. Manta Ray Offshore Gathering Co. LLC v. Shell Offshore, Inc.*, No. CV 04-2553, 2005 WL 8174188, at *3 (E.D. La. Oct. 4, 2005) ("The Fifth Circuit has held that it is appropriate to temporarily stay discovery until preliminary questions that may dispose of a case are determined."). Further, EWC put a litigation hold in place when the *Dunn* action was filed in the United States District Court for the Northern District of California, so there is no concern that documents are not being preserved.

Third, Plaintiff's rights are fully protected in the Florida action, where she has already received notice and has the opportunity to opt out or object to the settlement.

Any minimal delay is outweighed by the substantial efficiency gains and the likelihood that the Florida proceeding will resolve or narrow the issues before this Court.

### 2.    A Stay Will Simplify the Issues and Trial of the Case

The second factor—whether a stay will simplify the issues and trial of the case—also strongly weighs in favor of a stay. The class period in the Florida Action encompasses all individuals in the United States who visited EWC's website from June 30, 2023 through the date of preliminary approval, April 2, 2026. Moreover, the class definition in the Florida Action is broader and subsumes Plaintiff's proposed class, which is limited to website visitors whose communications were allegedly

intercepted through tracking tools, whereas the Florida Action extends to all visitors—not just users whose communications were intercepted.

Additionally, the Florida Action includes a release that covers the same alleged conduct and legal theories at issue here, including Plaintiff's common law and Texas statutory claims—all of which are premised on the interception, disclosure, or sharing of website communications. Thus, if the settlement receives final approval and Plaintiff does not opt out, the claims she alleges in this action will be released.

Even if Plaintiff opts out of the Florida Action, this case will likely be unable to proceed on a class basis because the class in the Florida Action subsumes the putative class here. Apart from any class members who exclude themselves, waiting until the Florida court rules on the forthcoming motion for final approval will allow this Court and the parties to conserve resources and time by identifying how this action may proceed (individually or on behalf of a class), and what, if any, claims remain. A stay is further warranted because if no class-wide discovery is necessary, that will simplify and narrow the issues in this case.

Absent a stay, the parties would face duplicative obligations, and this Court risks issuing rulings that could conflict with or undermine the Florida court's administration of the settlement. Staying this case avoids those inefficiencies and preserves judicial resources. Moreover, the requested stay is narrowly tailored: it seeks only to pause proceedings through the final approval hearing on July 15, 2026, with the Parties to submit a status report within seven days. This limited duration weighs strongly in favor of a stay.

Without a stay, Defendant would be forced to litigate two substantively identical cases simultaneously while also completing settlement administration in the Florida action. This would impose unnecessary and duplicative costs and create a risk of inconsistent obligations. The purpose of the Court's inherent authority to manage its docket is to avoid precisely this type of inefficiency and inequity.

Because the class settlement in the Florida Action covers all claims being asserted by Plaintiff in this case, EWC respectfully submits that the court in the Florida Action is best positioned to address final approval of the settlement before this case continues.

**B.     The Court Should Grant A Stay Under the *Colorado River* Abstention Doctrine.**

As an alternative to staying this case under the Court's inherent authority to manage its docket, this Court should abstain from exercising jurisdiction or stay the case until after the final approval hearing in the Florida Action has occurred.

Federal courts may abstain from exercising jurisdiction under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) in "exceptional circumstances" where yielding to a parallel state court proceeding serves "wise judicial administration." *Id.* at 817-18. The Fifth Circuit applies six factors to determine if such circumstances exist: (1) assumption by either court of jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law governs; and (6) the adequacy of the state forum to protect the parties' rights. *Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 395 (5th Cir. 2006). These factors

weigh heavily in favor of abstention or, at a minimum, a stay. A key factor in considering abstention is avoiding piecemeal litigation, and it weighs heavily in favor of abstention or a stay here.

First, no physical property or asset (a "res") is involved in this dispute, so this neutral factor does not preclude abstention or a stay.

Second, the Florida forum is not inconvenient, particularly given that the parallel action is already underway and a final approval hearing has been scheduled. The court in the Florida Action is also responsible for reviewing objections and exclusions to the settlement.

Third, and most importantly, abstention or a stay would avoid duplicative and piecemeal litigation, as this case substantially overlaps with the Florida Action, and the Florida Action is already at an advanced stage and proceeding toward final approval of a settlement that broadly releases the same or materially similar claims. Allowing this case to proceed in parallel would risk inconsistent rulings on common issues, undermine the integrity of the Florida court's settlement process, and create the very inefficiencies *Colorado River* seeks to avoid. Absent a stay or abstention, the parties and the courts will be forced to expend unnecessary resources litigating overlapping issues that may soon be resolved—or extinguished—by the Florida Action.

Fourth, although the Florida Action was filed second, that is only because the earlier-filed federal action in the Northern District of California (filed in June 2025) was voluntarily dismissed in favor of proceeding in Florida state court. In any event,

the Florida Action has progressed significantly further and is now on the verge of final approval.

Fifth, the claims at issue are governed primarily by state law, with the ECPA claim being the only federal claim, which weighs in favor of allowing the state court to resolve the dispute in the first instance, as common law and state statutory claims are released as part of the settlement.

Finally, the Florida court provides an adequate forum to protect the parties' rights, particularly given its active supervision of the settlement and its ability to adjudicate the overlapping claims.

Taken together, these factors present the type of "exceptional circumstances" that justify abstention under *Colorado River*. At a minimum, a stay pending the outcome of the Florida Action—particularly the imminent final approval hearing— avoids piecemeal litigation and would conserve judicial resources, avoid inconsistent rulings, and prevent duplicative proceedings. *Cf. Nieves v. Bank of Am., N.A.*, No. 14-CV-2300, 2015 WL 753977, at *7 (N.D. Ill. Feb. 20, 2015) (staying federal action under Colorado River pending resolution of parallel state-court proceedings where the cases involved substantially the same facts and legal issues and proceeding in both forums risked piecemeal litigation).

**C.     Alternatively, EWC's Deadline to Respond to the Complaint Should Be Reset to 21 Days After the Court Rules on This Motion if the Motion to Stay is Denied.**

Finally, to avoid unnecessary motion practice and preserve efficiency, EWC respectfully requests that the Court set a deadline for EWC to respond to the

complaint that is 21 days after the Court issues its ruling on this motion if the motion for a stay is denied. Such relief is appropriate where, as here, the requested stay may obviate the need for any responsive pleading. Setting the response deadline relative to the Court's ruling will conserve party and judicial resources and ensure that any response is appropriately tailored to the posture of the case at that time.

## V.    CONCLUSION

EWC respectfully requests that this Court stay this case pending the final approval hearing in the Florida Action because there is substantial overlap between the actions, the Florida Action has progressed to an advanced stage with a settlement pending final approval, and the settlement is likely to resolve or significantly narrow the claims at issue here. EWC further requests that this Court stay this case through the July 15, 2026 final approval hearing, direct the parties to submit a joint status report within seven (7) days thereafter (by July 22, 2026), and, alternatively, extend EWC's deadline to respond to the Complaint to twenty-one (21) days after the Court rules on this motion if the Court denies the motion to stay.

**Date:** May 20, 2026

Respectfully submitted,

**BAKER & HOSTETLER LLP**

*/s/ Ambika B. Singhal*
Ambika B. Singhal
Texas Bar No. 24132954
asinghal@bakerlaw.com
2850 North Harwood Street, Suite 1100
Dallas, TX  75201-2640
Tel: 214.210.1200
Fax: 214.210.1201

**ATTORNEYS FOR EUROPEAN WAX CENTER, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May, 2026, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, giving notice to all counsel of record.

*/s/ Ambika B. Singhal*
Ambika B. Singhal

## CERTIFICATE OF CONFERENCE

Counsel for Defendant European Wax Center, Inc. conferred with counsel for Plaintiff regarding the relief requested herein. Plaintiff's counsel opposes the requested stay and the extension of time for EWC to respond to the Complaint.

*/s/ Ambika B. Singhal*
Ambika B. Singhal