# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ALAYA SMITH, individually and on behalf of all others similarly situated, | § | |
| | § | |
| *Plaintiff*, | § | Civil Action No. 4:26-cv-144 |
| v. | § | Judge Mazzant |
| | § | |
| EUROPEAN WAX CENTER, INC., | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Pending before the Court is Defendant European Wax Center, Inc.'s 12(b)(6) Motion to Dismiss Plaintiff's Complaint or to Stay (Dkt. #13). The Motion was filed on July 28, 2026, so Plaintiff's response was due on August 11, 2026. *See* LOCAL RULE CV-7(e). No response has been filed. Defendant filed a reply re-urging dismissal or a stay (Dkt. #15). Having considered the record and the relevant pleadings, the Court finds that the Motion should be **GRANTED in part** and **DENIED in part**.

This putative class action arises out of allegedly improper digital tracking practices. Defendant previously moved to stay the case based on a Florida class action settlement hearing that allegedly covers Plaintiff's claims (Dkt. #9). Plaintiff opposed a stay, arguing that the claims in this lawsuit are materially different than those addressed in the Florida case (Dkt. #10). The Court declined to stay the case (Dkt. #12). The Court reasoned that because there was no settlement yet, and Plaintiff disputed that the settlement would cover her claims, the Court would not yet "examine whether the Florida settlement will . . . have preclusive effect" (Dkt. #12 at p. 2 n.1).

Defendant then moved to stay the case once more (Dkt. #13). Now, Defendant attaches evidence showing that, in the Florida lawsuit, Plaintiff argued that the Florida settlement "would extinguish" her lawsuit filed in this Court (Dkt. #13-1 at p. 6). Plaintiff has failed to respond, so the Court presumes that Plaintiff does not controvert Defendant's evidence. *See* LOCAL RULE CV-7(d).[1] For that reason, the Court will stay this case pending the outcome of final settlement approval proceedings in the Florida action. According to Defendant, the class settlement hearing is set to take place on September 30, 2026, so the Court will order that a joint status update be filed shortly thereafter. The Court will deny Defendant's motion to dismiss without prejudice because reaching the grounds for dismissal may be unnecessary under the posture of this case.

## CONCLUSION

It is therefore **ORDERED** that Defendant European Wax Center, Inc.'s 12(b)(6) Motion to Dismiss Plaintiff's Complaint or to Stay (Dkt. #13) is hereby **GRANTED in part** and **DENIED without prejudice in part**.

It is further **ORDERED** that Defendant's request that the Court dismiss the case is hereby **DENIED without prejudice**.

It is further **ORDERED** that Defendant's request for a stay is hereby **GRANTED**, and this case is stayed pending resolution of the settlement approval proceedings in *Cumor & Dunn v. European Wax Center, Inc.*, Case No. 26-CA-002430 (Fla. 13th Jud. Cir.).

[1] To be clear, the Court does not agree with Defendant that failure to oppose the motion to dismiss concedes the grounds for dismissal. This district's local rules provide that the facts set out by the movant may be presumed uncontroverted, not the legal grounds for dismissal. LOCAL RULE CV-7(d). Thus, the Court considers Defendant's evidence uncontroverted for purposes of analyzing whether a stay is warranted, not whether Rule 12(b)(6) dismissal is appropriate.

It is further **ORDERED** that the parties shall submit a joint status update within **two weeks** of the class action settlement hearing set for September 30, 2026. If the hearing is reset, the parties shall inform the Court within **one week** of the issuance of the order resetting the hearing.

**IT IS SO ORDERED.**

**SIGNED this 18th day of August, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE